IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-07-312** |
| | : | |
| | : | **(Judge Rambo)** |
| **v.** | : | |
| | : | |
| **STEVEN A. VONEIDA** | : | |

# MEMORANDUM

## I. Background

Before the court is Defendant Steven A. Voneida's motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. The background of this case is set forth in the Government's response to Voneida's motion and will not be repeated here. It is sufficient to state that Voneida was convicted of making threatening communications in violation of 18 U.S.C. § 875(c). A direct appeal was taken and the judgment of this court was affirmed. (*See United States v. Voneida*, No. 08-4032 (3d Cir. 2009). Voneida filed a timely motion under 28 U.S.C. § 2255 alleging incompetency of both trial and appellate counsel. The motion has been fully briefed and is ripe for disposition.

## II. Standard

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). "Both *Strickland* prongs must be satisfied." *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989).

The first *Strickland* prong requires a defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001.) Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' " *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a *reasonable probability* that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advice given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*,

432 F.3d 542, 547 (3d cir. 2005). With the above precepts in mind, all allegations by Voneida will be addressed.

### III. Discussion

The following allegations and the court's responses are set forth *seriatim*.[1]

#### A. Insufficient Evidence That Defendant Issued the Statements

Witnesses at trial, Dr. Holtzman and Officer Marlene Sherwin, testified that Voneida admitted to them that he posted the communications that are the subject of the violations. (Doc. 99, Transcript of Jury Trial Proceedings – Day 1 of 2 ("Tr.-1") at pp. 130, 132, 133, 139.) Furthermore, the Third Circuit Court of Appeals, in its decision on direct appeal, held that there was sufficient evidence for the jury to convict. *United States v. Voneida*, No. 08-4032 (3d Cir. 2009).

#### B. Insufficient Evidence for Interstate Transmission

Voneida and his computer were located in the Middle District of Pennsylvania. Scott McFarland, a MySpace representative, testified at trial that postings made on MySpace websites are processed through a server in California. (Tr.-1 at p. 54.) There is nothing to refute this interstate nexus except Voneida's conclusion that "it is possible for an internet communication to be made to appear as though it is on a website or server when it is really somewhere else." (Defendant's Amended Motion pursuant to 28 U.S.C. § 2255, Doc. 114 at p. 14.)

#### C. Trial Court Lacked Jurisdiction

This court has jurisdiction. *See* subsection "B" above.

---

[1] The order of the issues set forth herein does not necessarily follow the same order as set forth in Voneida's petition.

### D. Actual Innocence

On this issue, Voneida offers that many others had access to his computer who could have authored the statements and others who did not perceive the statements to be threatening. In light of Voneida's statements to witnesses that he authored the statements, the fact that others could have done it is immaterial. While others may not have perceived the statements to be threatening, the existence or nonexistence of a threat is a question left to a jury. *United States v. Malik*, 16 F.3d 49, 51 (2d Cir. 1994).

### E. The Court's Jury Instruction Contained An Unfair Assumption That Voneida Was The One Who Issued The Alleged Threat

In light of the fact that Voneida admitted to sending the statements at issue, there was no need for the jury to make a finding as to the identity of the perpetrator – it was not an element of the crime on the facts of this case.

### F. Interstate Transmission Jury Instruction Was Defective

Voneida claims that the jury instruction concerning interstate transmission was defective. This argument disputes the interstate element of the offense which has been addressed above (*see* Subsection B). Voneida does not present an alternative instruction to the instruction given by the court that he believes would be more appropriate.

### G. Altered Exhibits

Voneida claims there are three different versions of Exhibit 3. He claims there are different dates as to when the exhibits were copied. Exhibit 1 has certain statements highlighted. He does not otherwise show how these exhibits impacted on the outcome of the trial.

### H. False Evidence

Voneida disputes the testimony that communications on the MySpace website must "pass through" the company's server in California. He speculates that it is possible for an internet communication to be made to appear as though it is on one website and server when it is really somewhere else. (Defendant's Amended Motion pursuant to 28 U.S.C. § 2255, Doc. 114 at p. 14.) He claims the only way to distinguish between a real and a fake communication is through an expert. Voneida challenges the Government's witness Scott McFarland's testimony as not being competent because he was not an expert.

There was no contradiction of McFarland's testimony. Defendant brought out the fact that McFarland was an attorney and was custodian of the records at MySpace. The jury could assess the quality of McFarland's testimony.

### I. False Evidence by Government By Presenting Witnesses Who Were Not Part of the Intended Audience

Voneida claims that Officer Sherwin and Dr. Donald Holtzman were not part of the intended audience and should not have been allowed to testify. Trial counsel objected to their being called as witnesses but the objection was overruled by the court. This court can find no case law as to what constitutes "intended audience" nor does Voneida suggest an interpretation. Mr. McFarland testified that there are certain privacy settings which allows only certain people to view a member's MySpace page and, in the absence of designated privacy settings, any MySpace user can access an individual's MySpace page. (Tr.-1 at p. 53.)

In this case, Erica Hogan was listed as a "friend" having access to Voneida's MySpace page. Officer Marlene Sherwin, a police officer at the Middletown, Pennsylvania campus of Penn State University, received an email and personal telephone contact from Erica Hogan who gave her information to enable her

to access Voneida's MySpace page. Voneida does not allege that the above entry was illegal or that any privacy right was violated.

### J & K. Unreasonable Search & Seizure

Voneida claims that Officer Sherwin's access to his MySpace page represented an unlawful search and seizure. There was no arrest effectuated by her and no seizure of the computer by her. Voneida does not set forth what law was violated by Officer Sherwin and how her accessing Voneida's MySpace page affected the outcome of the trial.

### L & M. Unreasonable Search and Seizure of Defendant's Home

Voneida makes conclusory allegations concerning whether there was probable cause to issue the search warrant. He admits it is difficult to address this issue because the affidavit of probable cause was sealed. No search was made of the computer. Voneida lived with his parents. The home is in the parents' name. Therefore, Voneida has no standing to challenge the search warrant.

### N. Prosecution Misled Defense on the Theory of Guilt

The Government is under no obligation to provide a defendant with a theory of guilt. A defendant is entitled to be advised of the charges against him and certain discovery. This he received.

### O & P. Prosecution Failed to Disclose Exculpatory and Impeachment Evidence

Voneida was provided with *Jencks Act* material. *Giglio* evidence was not provided as there were no witnesses who had past criminal conduct and no deals were made with any witness. There was no *Brady* material presented as there was no exculpatory evidence to present.

### Q. Prosecution Failed to Disclose Impeachment Evidence Related to a Juvenile Offense

Voneida's juvenile adjudication was not introduced at trial. The trooper in question who prosecuted the juvenile offense was not involved in the MySpace investigation and was not a witness at the trial. This issue has no relevance to this case.

### R. Federal Authorities Manipulated the System to Effectively Prosecute the Defendant Twice

Voneida has a juvenile adjudication for aggravated assault and recklessly endangering another person. He was therefore, under Pennsylvania law, prohibited from possessing a firearm. During the warranted search of his room on July 2, 2007, a Ruger Mini 14 Carbine was seized from under Voneida's bed. He was subsequently prosecuted in state court.

Voneida was prosecuted in two different jurisdictions on two separate crimes and, therefore, no double jeopardy attached.

### S. Trial Counsel Failed to Cross-Examine FBI Special Agent Jank, FBI Special Agent McDonald and MySpace Representative McFarland and Adam Voneida

Voneida alleges that proper cross-examination would possibly show that the MySpace posting could have been done by someone else. In light of the evidence that Voneida admitted to the postings on his MySpace page, such a position would not have been strategic. Voneida cannot demonstrate how his theory would have altered the outcome of the trial.

### T. Trial Counsel Subpoenaed Witnesses For the Wrong Day

These witnesses would have allegedly testified as to their perception of the MySpace posting and that the Voneida computer was easily accessible to others who could have made the postings. The latter argument has been addressed above (*see* Subsection S).

### U. Prejudicial Statements of Trial Counsel

It was the strategy of trial counsel, in light of Voneida's admission that he was responsible for the depictions and wording on his MySpace page, to approach this case by focusing on a defense that the statements, although offensive, were not threats under the statute. Voneida has not demonstrated how any other strategy would have altered the outcome of the trial.

### V. Trial Counsel Failed to File Post Trial Motions

On February 19, 2008, trial counsel filed a preliminary post trial motion and motion for an extension of time to file post trial motions. The extension was granted. No brief in support of post trial motions was ever filed and the post trial motion was deemed withdrawn by order dated March 27, 2008. (*See* docs. 74-75.) Thereafter, on April 4, 2008, trial counsel moved to withdraw as counsel for Voneida, which was granted. (*See* doc. 78.) Voneida does not set forth what issues should have been presented in a post trial motion nor does he set forth how he was prejudiced by the failure to file same.

### W. Trial Counsel Failed to Investigate and Conflicts with Voneida's Family

Voneida claims that trial counsel was not a computer expert and that counsel did not heed the technical information supplied to counsel by his father. Voneida does not set forth what information was ignored and how it would have affected the outcome of the trial. Counsel's obligation is to his client and counsel has an obligation to devise a trial strategy that he deems to be in the best interest of his client, not his family.

### X. Sufficiency of Evidence

This issue was raised by appellate counsel in the direct appeal. This issue was found against Voneida. *See United States v. Voneida*, No. 08-4032 (3d Cir. 2009) at p. 3-4.

### Y. Appellate Counsel Failed to Raise Ineffectiveness of Trial Counsel Claims

This is an issue that can not be raised on direct appeal. It can only be raised pursuant to 28 U.S.C. § 2255. *United States v. McLaughlin*, 386 F.3d 547 (3d Cir. 1994). Therefore, appellate counsel did not fail in this regard.

### Z. Cumulative Affect of Trial and Appellate Counsel Ineffectiveness

For all of the reasons set forth above, none of Voneida's allegations have been shown to be valid. There has been no showing that counsel's performances were so egregious as to render their performances constitutionally defective, or that any performance or non-performance would have resulted in causing a different result.

## IV. Conclusion

For the reasons stated herein, Voneida's motion filed pursuant to 28 U.S.C. § 2255 will be denied. An appropriate order will be issued.

                                               s/Sylvia H. Rambo
                                               United States District Judge

Dated: December 20, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     CRIMINAL NO. 1:CR-07-312
:     **(Judge Rambo)**
**v.** :
:
**STEVEN A. VONEIDA** :

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

    1) The motion filed pursuant to 28 U.S.C. § 2255 is denied.

    2) The clerk of court shall close the file.

    3) This court declines to issue a certificate of appealability.

                                            s/Sylvia H. Rambo
                                                  United States District Judge

Dated: December 20, 2010.